UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 14-109-DLB

JOE CRESS                                                                              PLAINTIFF

vs.                           <u>MEMORANDUM OPINION AND ORDER</u>

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                        DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Joe Cress brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on March 14, 2011, alleging a disability onset date of September 5, 2007. (Tr. 275-282). Plaintiff's claims were denied initially (Tr. 159), and again on reconsideration (Tr. 184). On March 13, 2013, Administrative Law Judge (ALJ) Sheila Lowther conducted an administrative hearing at Plaintiff's request. (Tr. 13). Approximately one month later, she too denied Plaintiff's claims. (Tr. 10-32). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 16, 2014. (Tr. 1-5). This appeal followed, and the parties' cross-motions for summary

1

judgment are now ripe for review. (Docs. 21, 22).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 5, 2007, the alleged onset date. (Tr. 15). At Step 2, the ALJ found that Plaintiff had the following severe impairments: (1) cervical and lumbar degenerative disc disease, (2) status post left calcaneal fracture, (3) bilateral carpal tunnel syndrome, superimposed on cervical radiculopathy, and (4) osteoarthritis. (*Id.*) At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17).

At Step 4, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform "sedentary work" with the following limitations:

> the claimant can lift 20 pounds occasionally and 10 pounds frequently; can sit for 30 minutes at a time and for a total of seven hours in an eight hour period; can stand for 30 minutes at a time and for a total of seven hours in an eight hour period; can stand for 30 minutes at a time and for a total of four hours in an eight hour period; can walk for 15 minutes at a time and for a total of two hours in an eight hour period; the claimant requires an option of using a cane in the left, non-dominant hand for standing and walking; can finger and feel bilaterally, occasionally; can climb, balance stoop, kneel crawl, and crouch occasionally; cannot climb ropes, scaffolds, and ladders; the claimant should not have any exposure to hazards; no moderate exposure to vibration; and the claimant should not have concentrated exposure to temperature extremes and humidity.

(Tr. 17).

After determining that Plaintiff was unable to perform any past relevant work, the ALJ proceeded to the final step of the sequential analysis. (Tr. 25). At Step 5, the ALJ found that Plaintiff was capable of performing a significant number of jobs in the national and regional economy; specifically, a surveillance monitor (2,000 regionally/100,000

3

nationally), an order clerk (2,300 regionally/120,000 nationally), and a sedentary dispatcher (3,000 regionally/165,000 nationally). (Tr. 26). The ALJ based this conclusion on testimony from a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. *Id.*

### C. Analysis

In his supporting memorandum, Plaintiff raises two arguments on appeal, which read in their entirety as follows:

> The Administrative Law Judge's decision is not supported by substantial evidence. The ALJ improperly substitute [sic] her own "medical" opinion, even over the medical physicians who she claims she relies upon in assessing Mr. Cress' condition (i.e. Dr. Burns and Kinsey) (See T.R. 25; Cf. T.R. 20 (top ¶ on Dr. Burns) and T.R. 21 (top ¶ on Kinsey). When those consultative doctors' findings were considered by the Vocational Expert, there was no alternative work. (T.R. 69-70).
>
> Second, the ALJ fails to give proper weight to Mr. Cress' family and treating sources, particularly Dr. James Chaney's findings and limitations, and provided no good reasons for the rejection of that extensive medical evidence. In Gayheart v. Commissioner of Social Security, 710 F. 3d 365 (6th Cir. 2013), the ALJ improperly gave controlling weight to his own medical and mental opinions rather than accepting the findings from both the treating medical evidence which served as basis for reversal and remand.

(Doc. # 21-1 at 20).[1]

In social security disability cases, a court has no obligation to formulate arguments on the claimant's behalf. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). Therefore, "issues adverted to in a perfunctory manner, unaccompanied

---

[1] Plaintiff's memorandum is unorthodox to say the least. The "Statement of Facts" and "Medical Evidence" start on page 2 and continue for 16 pages. (Doc. # 21-1 at 2-18). The "Argument" starts at the bottom of page 18 and consists of just two full pages. (*Id.* at 18-20). However, the first page discusses the terms "substantial gainful activity", "severe impairment" and "substantial evidence" without any reference to the facts of this case, leaving only one page for Plaintiff's actual arguments, which the Court has restated above. (*Id.*)

by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Vasquez v. Astrue*, No. 6:12-CV-125-KSF, 2013 WL 1498895, at *6 (E.D. Ky. Apr. 11, 2013) (*citing McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

Plaintiff's first argument is that the ALJ's decision is not based on substantial evidence. In support of this argument, he baldly asserts that the ALJ "improperly substitute[d]" her own medical opinion for those of Drs. Burns and Kinsey. However, even a cursory review of the decision reveals that Plaintiff's allegation is a complete mischaracterization. The ALJ did not, as Plaintiff suggests, create her own opinions out of thin air; rather, she adopted some of Dr. Burns' and Dr. Kinsey's findings and rejected others, based on what she considered contrary evidence in the medical record. (Tr. 19-21). If there is any error in her analysis, Plaintiff has made no legitimate attempt to develop that argument on appeal. He does not identify which findings the ALJ improperly rejected, let alone explain why those findings should have been accepted. The Court will not scour the administrative record "to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence." *Hollon*, 447 F.3d at 491. Accordingly, Plaintiff's first argument is waived.

Plaintiff's second argument is that the ALJ failed to properly weigh treating physician Dr. James Chaney's medical opinion, or give good reasons for rejecting his findings. Plaintiff cites to one case in furtherance of this argument, but provides no analysis whatsoever. He does not identify any of Dr. Chaney's findings which he believes were

entitled to greater weight, much less explain how those findings are inconsistent with the ALJ's decision. Under similar circumstances, the court in *Hollon* declined "to broadly scrutinize any and all treating physician opinions in the record to ensure that they [were] properly accounted for in the ALJ's decision." *Id.* This Court will take the same approach. Therefore, Plaintiff's second argument is also waived.

It is always the Court's preference to address the substantive aspects of a claimant's appeal. However, to do so in this case would set a dangerous precedent. Plaintiff's efforts are remarkably poor.[2] If his "arguments" are deemed worthy of review, then what would stop other claimants from basing future appeals on similarly generic statements? Why not submit form motions which simply provide that "the ALJ's decision was not supported by substantial evidence," or that "the ALJ did not properly weigh the treating physician's opinion," and leave for the courts to investigate whether or not such blanket assertions are true? The standards in *McPherson* and *Hollon* are designed to prevent this very scenario, which is why the Court has applied them here.

That being said, the Court has carefully considered the ALJ's decision in light of the record evidence. It has also reviewed the Commissioner's response, which thoroughly

---

[2] To be accurate, it is Plaintiff's attorney who deserves blame, and not surprisingly so. Attorney Cybriwsky has made equally deficient arguments in at least one other case in this district. *Bailey v. Colvin*, No. CIV.A. 14-104-DLB, 2015 WL 428103, at *6 (E.D. Ky. Jan. 31, 2015) ("His brief does not describe, with any degree of specificity, how the ALJ erred, nor does it discuss what evidence he improperly considered (or failed to consider) in rendering his decision. By presenting this Court with such a perfunctory statement of the ALJ's alleged errors, Plaintiff has waived these arguments."). He is also currently subject to a one-year suspension from filing any new cases in the Eastern District of Kentucky, due to a "long history of failing to timely comply with the Court's Standing Scheduling Order for Social Security Actions," and "only filing briefs in response to Orders to Show Cause threatening dismissal of the matters." (Doc. # 11 at 3, 4). Indeed, this case has already been dismissed without prejudice for failure to prosecute; however, out of fairness to the claimant, the Court later rescinded its order and allowed the appeal to go forward. (Docs. # 16 and 19).

disposes of several potential arguments one might associate with Plaintiff's ill-considered brief. The Commissioner's points are well-taken, and therefore the Court is confident that even it were inclined to address Plaintiff's arguments on the merits, the outcome in this case would not change.

### III.    CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgment (Doc. # 21) is hereby **DENIED**;

(3)    Defendant's Motion for Summary Judgment (Doc. # 22) is hereby **GRANTED**;

(4)    A Judgment shall be entered contemporaneously herewith.

This 11th day of August, 2015.



Signed By:
<u>David L. Bunning</u>   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\Pikeville\7-14-109 Cress MOO.wpd